EAST TENN., VA. & GA. RAILWAY CO. v. BRIDGES.

1. The declaration set forth a cause of action, and there was no error in overruling a general demurrer thereto. The evidence warranted the verdict.

2. The evidence showing affirmatively that the plaintiff was injured while engaged in the line of his duty, under the orders and in the immediate presence of the "boss" to whose orders he was subject, and that the injury was the result of negligence attributable to the company, either the sole negligence of the "boss" or the joint negligence of him and of absent officers or employees with whom he should have co-operated in so regulating the movements of his hand-car as to prevent a collision between it and a train, a recovery by the plaintiff would be defeated only by fault on his part amounting to rashness or recklessness in obeying under the circumstances the orders of the "boss." The evidence not making any such fault manifest, there was no reversible error in the charges complained of, or in refusing to charge the jury as requested.                                Judgment affirmed.

April 10, 1893. Argued at the last term.

Action for damages.    Before Judge Turnbull.    City court of Floyd county.    June term, 1892.

Bridges' declaration alleged: He was employed by defendant as a section-hand, and was at work on its railroad between stations named, in the regular performance of his duty as such employee, under the direction and control of the foreman of a squad of section-hands. The foreman was also an employee and agent of defendant, and had from it authority to direct the movements of the pole-car, and to direct the kind, place and manner of work of the squad. During the course of the work in which the squad was employed, he instructed plaintiff and the others to remove a pole-car, which was under the control of the foreman for the use of the squad, to another portion of the railroad. In the performance of their duties under direction of the foreman, the members of the squad, including plaintiff, placed the car on the track and began to propel it in the direction ordered by the foreman, and while so doing were met by a freight-train of defendant, and before plaintiff had time to get off the car it was run into by the engine of the train, and he was knocked by the collision at least thirty feet and thereby suffered injuries stated. The pole-car at the time of the collision was going through a deep cut and around a sharp curve, and the engine was within about ninety feet of plaintiff before he saw it or knew it was approaching. The engine was running at least twenty miles an hour; the train was an extra or wild train, not running upon the regular schedule time. Plaintiff did not know and had no reason to believe or expect that he would meet it upon the track at the time and point at which he did actually meet it, and had no reason to expect that any train was upon the track, near enough to endanger him or the pole-car. It was the duty of defendant to have taken some means to notify plaintiff of the running of the train and to guard

against danger to him.  He was injured without any fault or negligence on his part, and entirely by the negligence, carelessness and fault of defendant.  When the train was first seen approaching the car upon which he and the others were riding, the foreman ordered the men to get the car off the track and all the men immediately set to work to obey the order.  Before the order could be executed, owing to the excitement of plaintiff and the other workmen, growing out of the imminent danger of the approaching train, the engine struck the car and demolished it, and before he could get out of the way the engine struck and injured him as alleged.

Defendant demurred to the declaration, on the ground that no cause of action was set forth; that the only negligence alleged was failure to give notice to plaintiff, and that no notice was required from defendant under the facts set forth; and that if notice was required by any special contract, agreement or rule, it was necessary that plaintiff should allege the same in his declaration. The demurrer was overruled.  Plaintiff obtained a verdict for $1,600, and defendant's motion for new trial was overruled.  The motion contains the grounds that the verdict was contrary to law, evidence, etc., and the following:

Error in refusing to charge: "If you find that the right of this hand-car (on which plaintiff was) to be on the track was only subservient to that of passenger and freight-trains, and that plaintiff while on this hand-car was required to get out of the way of such passenger or freight-trains, then if he took any hazardous chances and was hurt thereby, he cannot recover."  Defendant insists that the evidence showed, that the hand-car had no schedule time; that it was the duty of those in charge of it to keep a lookout for trains and clear the track for them; that the car only had the right to run between stations at such times as the track was not occupied by

v 92-26

trains, and in such a way as not to obstruct or interrupt the running of trains; and that the proof showed that such trains might be expected at any time, and that persons on a hand-car should be on the lookout at all times.

Error in refusing to charge: "If you find that it was dangerous for plaintiff to go on the track without sending a flag ahead, and if you find that he did so go on the track without sending such flag ahead, then he cannot recover and the order of the superior would not excuse him." Defendant insists that the evidence showed that plaintiff knew it was dangerous to go upon the track without a flag being sent forward, and that he knew that a train might be reasonably expected at any time; that he knew that the only dangerous point between the stations was less than a half mile from the point from which the hand-car started, and that the collision did actually occur at that only dangerous point.

Error in refusing to charge: "If you should believe that it was a want of caution on the part of the foreman, or that it was carelessness in him to start up the track under the circumstances of this case, and if the movement of the pole-car was under the control of the foreman, yet, if plaintiff knew that it was probable that a train might meet them, or that it was dangerous or risky to have the pole-car on the track at that time and under those circumstances, the fact that he so knew would make him chargeable, that is a knowledge that the foreman was acting negligently or taking risks, would render plaintiff, who accompanied the foreman and aided him in the transaction, also chargeable with fault or negligence." Defendant insists that the proof showed it was negligence in the foreman so to act, that plaintiff knew it, and that he had the election to participate in the dangerous act or not, and as he did participate in it he is chargeable with the foreman's negli-

gence; and that his effort to reach the curve in the face of danger was the cause of the accident.

Error in refusing to charge: "It was the paramount duty of plaintiff to protect himself from the consequences of an imminent collision. He had no duty in reference to the running of the freight-train, certainly none paramount to his own protection; and if he could by the exercise of ordinary care have prevented the consequences of the collision to himself, or if he was at all at fault in not preventing the injury to himself, he cannot recover." Defendant insists that if plaintiff put himself in a dangerous position, in order to save either the lives of other persons or defendant's property, he did so at his own risk and cannot hold defendant liable therefor; and that this charge was necessary, because plaintiff's counsel had insisted that an effort to save life and property ought to excuse plaintiff for his rash act.

Error in refusing to charge: " The only allegation of negligence in the declaration or that can be gathered from it, is, that defendant was negligent in not taking any means to notify the plaintiff that an extra or wild train was on the road, and that they should look out for it. Before this would give the plaintiff the right to recover, it must appear in some way that it was the duty of the defendant to give such notice. The company has the right to run its trains at any time with or without schedule regulations, and the law does not require that notice should be given to squads at work on the line. Before such notice would be required it must be shown that the company had a rule which makes such notice necessary. If it has been shown that there was such a rule, then if such notice was not given and the injury resulted from the want of such notice, plaintiff might recover in this case, if not prevented from recovering by virtue of some other principle of law I have given or may hereafter give you." Defendant insists

that the proof showed no such duty upon defendant, by law, rule or otherwise.

Error in refusing to charge : " The only negligence alleged in the declaration is, that the freight-train should have given notice to plaintiff, and that no such notice was given. If it is proven that no such notice was required, then plaintiff cannot recover."

Error in charging : " In addition to these general facts, plaintiff must show either one of two things : first he may show that he was without fault that contributed to the injury, and then the burden would be shifted to the railroad company ; or second, he may show that the defendant, the railroad company, was guilty of negligence that caused the injury ; then the burden would be shifted to the railroad company." Defendant insists that the first proposition should be limited by the qualification, "that unless the plaintiff in showing that he was without fault shows also that the defendant is without fault"; and the second · by the proviso, " that in showing the company guilty of negligence he has not also shown himself at fault." And that leaving out the qualification would lead the jury to infer that defendant would have to introduce testimony to carry the shifted burden.

Error in charging : " The orders of a superior will not excuse a railroad employee for going into a place of known danger, and it would be negligence on his part to unnecessarily increase the dangers incident to his duties, in obedience to the orders of a superior. But you are to look to the evidence and see from that, and that alone, whether or not plaintiff received any orders, and if he did, how and in what manner he obeyed them ; and whether or not obedience to that order exposed him to dangers of which he knew or could have known by the exercise of ordinary care." Defendant insists that the charge excludes places of doubtful dan-

ger or places that could be reasonably regarded danger-
ous, or by reasonable care could be seen to be danger-
ous; and that a recovery would be defeated by slight
negligence, the opposite of extraordinary care, or by a
less degree of negligence than ordinary negligence, the
opposite of ordinary care.

McCUTCHEN & SHUMATE and WRIGHT & HARRIS, for
plaintiff in error. DEAN & SMITH, *contra.*